GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR23-01348-PHX-MTL |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| David Varela, | |
| Defendant. | |

Defendant David Varela ("Defendant" or "Varela") pleaded guilty to Count 17, Material False Statement During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of 36 months imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR"). (ECF 34.) The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 21 and Criminal History Category III. Draft PSR at ¶¶ 29 and 44. This results in a Guidelines range of 46–57 months' imprisonment. The United States' agrees with the recommendation of a below Guidelines sentence of 36 month; this recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Varela on September 26, 2023 for 15 counts of False Statements During the Purchase of a Firearm and 15 counts of Material During the Purchase of a Firearm.   On January 10, 2024, Varela pleaded guilty to Count 17 of the Indictment:  Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code §§ 922(a)(6) and 924(a)(2).   Defendant agreed with the following facts set forth in his plea agreement at the change of plea proceeding.

On January 21, 2023, Defendant Varela purchased a VSKA rifle at Firearms Unknown in Yuma, Arizona.   Firearms Unknown is a Federal Firearms Licensee (FFL) licensed under Chapter 44 of Title 18 United States Code.   To obtain the firearms, Defendant Varela completed the Firearms Transaction Record, known as ATF Form 4473 at Firearms Unknown on January 21, 2023.   Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Question 21(a) on ATF Form 4473 states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person."   In response to Question 21(a), Defendant Varela selected "Yes" he was the actual purchaser/buyer.   However, Defendant Varela knew he was purchasing the firearm on behalf of someone else.

From approximately December 6, 2022, through June 8, 2023, Defendant Varela purchased approximately 21 firearms, at multiple FFLs. Defendant Varela sold many of these firearms for a profit of $500 - $1,000 per firearm.

### II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant Varela receive a sentence of 36 months in the Bureau of Prisons ("BOP"), which is below the Guidelines.   The government also recommends the term of incarceration be followed by a term of three-years' supervised release.   As calculated in the PSR, Defendant Varela has a Total Offense Level of 11, Criminal History Category III, and a Guidelines range of 46–

57 months' imprisonment. The United States will dismiss the outstanding counts of the Indictment.

### A.    A Sentence of 36 months in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that 36 months imprisonment for Defendant Varela is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). Defendant Varela purchased approximately 21 firearms over a six-month period. Varela's criminal conduct was not a one-time lapse in judgment. The nature and circumstances of Varela's offenses call for a prison sentence. The nature and circumstances of Defendant's actions justify a sentence of no more than 36 months and one day in the BOP.

### 2.    Defendant's History and Characteristics

While Defendant Varela does not have prior felony convictions, he has several arrests and misdemeanor convictions spanning the last 20 years. The conduct here shows an ongoing disregard for the law. Additionally, a review of the procedural history shows Defendant Varela failed to appear when initially summoned to Court on two occasions.

- 3 -

(Doc. 8 and 10.)  The issuance of a bench warrant was required to secure Defendant Varela's appearance at Court.  A 36 month prison sentence is appropriate.

### 3. Seriousness of the Offense

Defendant Varela's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  Purchasing dozens of firearms to sell to unknown persons is serious.  The firearms could easily get into the hands of people who could not lawfully purchase firearms from an FFL.  Further, the types of firearms purchased are extremely dangerous as they involved a semiautomatic firearms capable of accepting large capacity magazines. Defendant Varela's crime warrants a prison sentence.

### 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant Varela.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  If Defendant Varela is not sentenced to a term of incarceration, as the probation officer recommends, there is no deterrent to Varela, or others, from engaging in criminal conduct. Varela's sentence must be sufficient to deter him and other persons who engage in criminal conduct.

### 5. Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  Defendant Varela's conduct is serious because it impedes law enforcement from regulating which individuals possess firearms.  A prison sentence is appropriate.

### 6. Providing Needed Correctional Treatment

The sentence imposed should provide Defendant Varela with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  From a review of the Draft PSR, there appears to be a need for substance abuse treatment, and Defendant Varela can receive that treatment while in prison.

**B.    A 3-Year Term of Supervised Release is Appropriate under § 3583(c)**

The United States recommends that Defendant Varela be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant Varela's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).  It will provide the structure necessary to ensure Defendant Varela remains law abiding.  This will protect the public from further crimes by Defendant Varela and deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

**III.    CONCLUSION**

The United States recommends that Defendant Varela receive a below Guideline sentence of 36 months imprisonment.  The United States further recommends that Defendant Varela receive a term of 3 years' supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 15th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on March 15, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Juan Rocha
Counsel for Defendant Varela

*s/ J. Schesnol*
U.S. Attorney's Office